| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 08/18/2020 |

ALBERTO GONZALEZ

                        Plaintiff,

   - against -

NAKED SPECIES, LLC

                        Defendant.

Docket No. 1:19-cv-011571-VEC

## DEFAULT JUDGMENT

This matter comes before the Court on plaintiff Alberto Gonzalez ("Plaintiff")'s motion for entry of a default judgment against defendant Naked Species, LLC ("Defendant" or "Naked Species") under Rule 55(b)(2) of the Federal Rules of Civil Procedure. After having considered the arguments and authorities submitted by the Plaintiff, the Court finds as follows:

    1.    Plaintiff's complaint and an original summons were served on Defendant on December 18, 2019. An affidavit of service was filed with the Court on December 19, 2019.

    2.    On July 1, 2020, the Court conducted a hearing at which counsel who had been appearing for Naked Species indicated that her client had no intention of defending this action because the client who had retained her services determined that it was not the Delaware LLC that had been served with process in this case. The Court granted defense counsel's motion to withdraw.

3.      On July 2, 2020, the Clerk of the Court for the United States District Court, Southern District of New York entered a default against Defendant for failure to plead or otherwise defend this action.

3.      Defendant is not a minor, nor an incompetent person, nor a member of the military service of the United States.

4.      Plaintiff filed his application for entry of default judgment seeking $30,000.00 in statutory damages for copyright infringement, $1,912.50 in attorneys' fees, and $440.00 in costs plus interest.

5.      Defendant has not opposed Plaintiff's application for default judgment.

6.      The Court scheduled a hearing for Plaintiff's application on August 14, 2020, and Defendant failed to appear.

7.      Plaintiff's counsel, Richard Liebowitz, in response to the Court's inquiry about the veracity of hours for which he was seeking reimbursement, reduced his fee request to $1020.00, reflecting a total of 2.4 hours of work, as opposed to the 4.5 hours of attorney time for which he originally sought reimbursement, at a rate of $425/hour.  Dkt. 38.  The originally requested 4.5 hours was not reasonable inasmuch as the work associated with this case was limited to a Complaint, which was largely a cut-and-paste from other complaints filed by Mr. Liebowitz, and a motion for a default judgment, which was also largely a cut-and-paste effort.

8.      Plaintiff's counsel failed to provide any explanation why his original fee request was inflated to nearly twice the revised amount.  Dkt. 38.

9.      Plaintiff's counsel's conduct in this litigation reflects a continued pattern of dishonest behavior and deficient performance, which has been well-documented.  *See Usherson v. Bandshell Artist Mgmt.*, No. 19-CV-6368, 2020 WL 3483661, at *1 (S.D.N.Y. June 26, 2020).

Notably, James Freeman, an associate of the Liebowitz law firm, could not explain to the Court at the show-cause hearing the firm's practice for tracking hours, including the smallest time increment used for billing purposes. After being given an opportunity to explain in writing, Liebowitz indicated that the revised submission uses a six-minute increment, without directly answering the Court's question as to the smallest time increment used at the firm as a practice. *See* Dkt. 38. Counsel's evasive behavior suggests that the firm does not in fact have an established procedure for billing, and the substantial reduction of claimed hours (by almost half) when challenged to better explain how the listed tasks took the claimed hours strongly suggests that the initial claim was fabricated.

10. The quality of Plaintiff's counsel's legal services is, therefore, significantly below the expected performance of even an average attorney of Plaintiff's counsel's vintage (he graduated from law school in 2015). Plaintiff's counsel is accordingly not entitled to bill at $425 per hour, which he contends is an appropriate fee for a law firm partner with an expertise in copyright law.

**THEREFORE, IT IS ADJUDGED AND ORDERED** that Plaintiff's Application for Entry of Default Judgment is GRANTED pursuant to Fed. R. Civ. P. 55(b)(2); it is

**FURTHER ORDERED** that the Court declares that Defendant violated Plaintiff's exclusive rights under 17 U.S.C. § 106 by engaging in unauthorized copying of Plaintiff's registered work; it is

**FURTHER ORDERED**, for the reasons stated at the show-cause hearing, that Defendant shall pay $3,000 in statutory damages under 17 U.S.C. § 504(c)(1); it is

**FURTHER ORDERED** that Defendant shall pay $720.00 in attorneys' fees ($300 per hour for 2.4 hours of work) and $440.00 in costs pursuant to 17 U.S.C. § 505; it is

**FURTHER ORDERED,** that Defendant shall be liable for post-judgment interest under 28 U.S.C. § 1961; and it is

**FURTHER ORDERED** that this case is dismissed and the Clerk of the Court is respectfully directed to terminate all pending motions and deadlines and close the case.

Dated:  August 18, 2020                                                          **SO ORDERED.**

_____
Valerie Caproni (U.S.D.J.)